Hon. Frank A. Hall Director, Division for Youth New York State Division for Youth
This is in response to your letter requesting my opinion as to whether the New York State Division for Youth is an "eligible recipient" as defined in section 195 (13) of the Vocational Education Act of 1963 (20 U.S.C. § 2301, et seq.), for the purpose of receiving subgrants under the State-administered vocational education program.
Section 2306 (a) (4) of Title 20 of the United States Code requires the State to distribute vocational education subgrants to "eligible recipients." The term "eligible recipient" is defined in 20 U.S.C. § 2461 (13) as a local educational agency or a postsecondary educational institution. The term "local educational agency" is defined in 20 U.S.C. § 2461 (10) as:
 "a board of education or other legally constituted local school authority having administrative control and direction of public elementary or secondary schools in a city, county, township, school district, or political subdivision in a State, or any other public educational institution or agency having administrative control and direction of a vocational education program."
The question, then, is whether the Division for Youth is a public educational institution or agency having administrative control and direction of a vocational education program. You have been advised by the Department of Health, Education and Welfare that the determination of the question should be made by the State Attorney General.
The Division for Youth is charged by various provisions of the Executive Law and Education Law with providing training, care and rehabilitation for children placed with or referred to it; see, e.g., Executive Law, §§ 501, 502, 511, Education Law § 112. Among the specific services which must be provided to youths confined in secure facilities are educational and vocational training (Executive Law, §§ 515-a, 515-b, Education Law, § 112). Indeed, the Division for Youth is actually a recipient of State and Federal aid for providing education (including vocational education) "equivalent" and "comparable" to that provided by local school districts (Part 116 of Regulations of Education Department). It is my opinion, therefore, that the Division for Youth, when providing vocational and occupational training for confined youth, would be a public educational agency having administrative control and direction of a vocational education program.
Accordingly, it is my opinion that the Division for Youth is an "eligible recipient" as defined in section 195 (13) of the Vocational Education Act of 1963 (20 U.S.C. § 2301, et seq.) for the purpose of receiving subgrants under the State-administered vocational education program.